■ DORIE SCIALDONE, Appellant, v STATE OF NEW YORK et al., Respondents. [602 NYS2d 638] —In a claim to recover damages for wrongful death based on psychiatric malpractice, the claimant appeals from a judgment of the Court of Claims (McCabe, J.), dated September 17, 1990, which, after a nonjury trial on the issue of liability, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The claimant's intestate allegedly committed suicide on June 3, 1985, by jumping from a third-floor window from Oasis Program, which was run by Middletown Psychiatric Center (hereinafter Middletown), a State-operated facility. The claim alleged that the State's negligence and malpractice in the decedent's care, treatment, and supervision while the decedent was an outpatient at Middletown was the proximate cause of the decedent's death. We disagree. In this case, the determination not to hospitalize the decedent was a considered medical judgment, for which Middletown cannot be held liable (see, Bell v New York City Health & Hosps. Corp., 90 AD2d 270).

The defendant's remaining contentions are without merit. Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.